UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:19-CR-151-TAV-DCP-7 |
| MAHLON T. PRATER, JR., | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This case is before the Court on defendant's Motion to Dismiss Superseding Indictment [Doc. 193]. This Court referred the motion to United States Magistrate Judge Debra C. Poplin, who issued a Report and Recommendation ("R&R") recommending that the Court deny defendant's motion [Doc. 322]. Defendant objected to the R&R [Doc. 323], and the government responded [Doc. 324]. Because the Court agrees with Judge Poplin's conclusion, it will **OVERRULE** defendant's objections [Doc. 323], **ACCEPT IN WHOLE** the R&R [Doc. 322], and **DENY** defendant's Motion to Suppress Evidence [Doc. 193].

### I. Background

The Court presumes familiarity with the R&R's description of the background. Neither party objected to the magistrate judge's description of the background of the case and the positions of the parties. The Court, therefore, incorporates this section by reference from the R&R as background.

## II. Standard of Review

A court must conduct a *de novo* review of those portions of a magistrate judge's report and recommendation to which a party objects unless the objections are frivolous, conclusive, or general. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "Objections disputing the correctness of the magistrate's recommendation, but failing to specify the findings believed to be in error are too general and therefore insufficient." *Stamtec, Inc. v. Anson*, 296 F. App'x 516, 519 (6th Cir. 2008) (citing *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006)). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" made by the magistrate judge. 28 U.S.C. § 636(b)(1).

## III. Analysis

Defendant makes two objections to the R&R [Doc. 323]. First, defendant objects to Judge Poplin's conclusion that the factors considered under *United States v. Sinito* indicate the two drug conspiracies[1] are separate and distinct conspiracies [*Id.* p. 4]. 723 F.2d 1250, 1256 (6th Cir. 1983). Second, defendant objects to Judge Poplin's recommendation to deny defendant's motion because Counts Two and Seven were not multiplicitous [*Id.* p. 4]. The Court will address each argument in turn.

---

[1] The Court will herein refer to case no. 3:19-cr-151 as "case no. 151" and case no. 3:19- cr-152 as "case no. 152."

2

### A. Double Jeopardy

Defendant objects to Judge Poplin's conclusion that after analyzing the *Sinito* factors, "the two drug conspiracies are separate and distinct offenses and not barred by the double jeopardy clause" [Doc. 32 p. 12]. Defendant states the factors "militate[] overall in favor of dismissal" because the timing of the conspiracies overlaps, the co-conspirators in case no. 152 are undisclosed, there are no overt acts charged in the conspiracies, and both of the alleged multiple conspiracies took place within the Eastern District of Tennessee [Doc. 323]. Defendant does not object to Judge Poplin's analysis of the third factor, the statutory offenses charged.

However, defendant's objections are largely conclusive, arguing the Court should reach a different result from the *Sinito* factors. As the government notes in its response, defendant cites no cases to support his interpretations and conclusions on these facts [Doc. 324 p. 1]. After a careful *de novo* review of the parties' briefing and the R&R, the Court agrees with and incorporates the Judge Poplin's analysis as the totality of the circumstances favors a finding of two separate conspiracies.

For example, the Court highlights in particular the strength of the fourth and fifth factors, "the overt acts charged by the government or any other description of the offenses charged which indicates the nature and scope of the activity which the government sought to punish in each case" and "places where the events alleged as part of the conspiracy took place." *Sinito*, 723 F.2d at 1256. Defendant states there were no overt acts contained within the indictments in these cases [Doc. 323 p. 3], but the Court may also look at any

3

other description indicating the nature and scope of the activity. *Id*. Though defendant maintains that most events in each alleged conspiracy occurred in this District, the conspiracy in case no. 152 was limited to Knoxville, whereas the conspiracy in case no. 151 included four cities in the Eastern District as well as having connections to Nashville, Tennessee and California. As Judge Poplin noted, the conspiracies also involve distribution of different drugs in vastly different amounts [Doc. 322 p. 10].

Defendant's objection to Judge Poplin's conclusion is therefore **OVERRULED** as the Court finds the two alleged conspiracies are separate and distinct offenses.

B.   **Multiplicity**

Defendant objects to Judge Poplin's conclusion that the charges in Count Two and Seven of the Second Superseding Indictment are not multiplicitous [Doc. 322 p. 15]. Defendant admits that Count Two charges defendant with possession of a firearm in furtherance of the conspiracy charged in Count One and Count Seven charges defendant with possession in furtherance of the distribution of methamphetamine as charged in Count Six [Doc. 323 p. 4]. Defendant argues "given that the alleged distribution of methamphetamine appears to constitute an overt act in furtherance of the conspiracy," the charges "thus reflect the same conduct" which "violates the Fifth Amendment proscription against multiplicitous indictments" [*Id*]. However, a conspiracy count and a substantive offense that comprises an overt act in furtherance of the conspiracy can both support a § 924(c) conviction. The Sixth Circuit has stated that "Congress intended section 924(c) to serve as an enhancement to other drug trafficking crimes whether they be conspiracies

4

or substantive offenses." *United States v. Gibbons*, 994 F.2d 299, 302 (6th Cir. 1993). When the statute then indicates Congress had "authorized multiple punishments based on committing a crime in a particular manner, here using a firearm, the resulting sentences do not violate the double jeopardy clause." *Id*. The Sixth Circuit thus affirmed a defendant's two § 924(c) charges that each corresponded to a charge of possession with intent to distribute and a conspiracy to distribute charge. Therefore, both Counts Two and Seven may both sustain their own § 924(c) charge without violating the Fifth Amendment. Accordingly, defendant's objection is **OVERRULED**.

## IV. Conclusion

For the reasons discussed herein, and upon careful, *de novo* review of the record and the law, defendant's objections [Doc. 323] are **OVERRULED**. The Court **ACCEPTS IN WHOLE** the R&R [Doc. 322] and incorporates it into this Memorandum Opinion and Order. Accordingly, defendant's Motion to Dismiss Superseding Indictment [Doc. 193] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE